*1165 OPINION.
Love:
The petitioner1 takes the position that, being on the cash receipts and disbursements basis, and the payment of the additional $7,500 being contingent upon the happening of further events, he is required to report only the amount actually received in 1922.
The respondent, on the other hand, contends that the transaction in question was completed in 1922, and that the purchase price was $15,000, which should be reported in that year.
We think that the conditions attached to the payment of the additional $7,500, by agreement of the parties, are such as to preclude us from holding that the petitioner should return in 1922 the amount of $15,000. The conditions agreed upon by the parties were such that payment of the additional amount might never have been made, and, if the parties to the transaction wish to annex such conditions thereto, it seems that it is within their province to do so. In any event petitioner received nothing in the year 1922 in excess of $7,500 which could be treated as income on the cash basis under the statute.
We conclude, therefore, that the Commissioner erred in determining that the $7,500 of the amount of $15,000 received in 1923 should be returned in 1922 as a part of the sale price of the petitioner’s interest in the lease in question. A copy of the notice of deficiency with the Commissioner’s computations is not before us, and consequently we are unable to compute the deficiency, if any, as to the year 1922.
For the year 1921 there is a deficiency of $lf,130. For the year 1922 judgment roill he entered on 15 days' notice, wider Bule 50.
Considered by Smith, Trtjssell, and Littleton.